**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**KARL'S FARM DAIRY, INC., Respondent.**

**No. 76–1500.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 26, 1977.

Decided Feb. 13, 1978.

---

Howard F. Fine, Atty., N. L. R. B., Washington, D. C. (Paul J. Spielberg, Deputy Asst. Gen. Counsel, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., with him on the Brief), for petitioner.

Harold B. Wagner, Denver, Colo. (Robert R. Post, Jr., Wagner, Wyers & Vanatta, P. C., and James H. Mosley, Mosley, Wells & Dean, Denver, Colo., with him on the Brief), for respondent.

Before SETH, Chief Judge, DOYLE, Circuit Judge, and STANLEY, Senior District Judge.*

SETH, Chief Judge.

The respondent, Karl's Farm Dairy, Inc., was charged with violating section 8(a)(1) and (3) of the National Labor Relations Act by discharging Mr. Clarence McCoy because of his activities on behalf of the International Union of Operating Engineers, Local 1, at the dairy farm.

The administrative law judge found the respondent had so violated the Act. The matter is before this court for enforcement of the Board's order. The order requires relief by reinstatement, reparation, and the posting of appropriate notices.

The respondent contends that Mr. McCoy is an "agricultural laborer" within the meaning of section 3(f) of the Fair Labor Standards Act, 29 U.S.C. § 203(f), and therefore not within section 2(3) of the National Labor Relations Act. Respondent also urges that Mr. McCoy was discharged for good cause and not for union membership or activities.

We hold that the conclusion by the Board that Mr. McCoy was an "employee" within the meaning of section 2(3) of the Act, and thus that the Company violated section 8(a)(1) and (3) of the Act is contrary to the prevailing decisions.

The facts are largely undisputed. Mr. C. R. Hinkhouse is the owner of the respondent dairy farm in Eastlake, Colorado. This farm processes its own milk from some 400 milk cows. Respondent owns and operates a retail store adjacent to the dairy farm in Northglenn. The record indicates that respondent sells its own milk and dairy products directly to consumers, as well as receiving and processing an undetermined quantity of milk from at least one other dairy. Respondent's retail sales from delivery routes and retail stores amounted to $1,241,708.42 in the fiscal year 1974–75. It made direct purchases and payments out of state in the amount of $15,602.52 during this period.

Mr. McCoy had been a member of the union since 1969. His work description is not well defined, but it can be best characterized as being a general handyman. The record shows that his duties included running a bottling plant, bottle washer, bottling machine, pulling and filling route drivers orders, and cleaning up milk truck tanks, and the like. According to Mr. Hinkhouse, "He was supposed to do whatever needed to be done. Pick up supplies and anything that needed to be done. He was just a relief man." He was originally employed by the respondent from 1965 to 1967, and again from June 1974 until his discharge on February 28, 1975. The testimony established that nearly seventy percent of his time was spent performing matters immediately necessary around the dairy.

* Of the District of Kansas, Sitting by Designation.

About ten percent of his time was spent filling in for sick or absent drivers. This included driving, collection from the customers, unloading the bottles, and filling out orders for the driver's next delivery day. The remaining amount of his time was spent taking cream to creameries for separation, picking up prepackaged dairy products, and miscellaneous mechanic duties. The undisputed testimony shows that he never milked a cow, worked in the fields, or had anything to do with their care and feeding.

The determination of whether this employee was an agricultural employee and so excluded from coverage is dependent upon the definition of "agriculture" in the Fair Labor Standards Act, section 3(f), 29 U.S.C. § 203(f). Section 3(f) provides, in relevant part:

"'Agriculture' includes farming in all its branches and among other things includes . . . dairying, . . . the raising of livestock, . . . and any practices . . . performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, . . . ." 29 U.S.C. § 203(f).

The Court in *Bayside Enterprises, Inc. v. NLRB,* 429 U.S. 298, 97 S.Ct. 576, 50 L.Ed.2d 494, noted with approval the expanded definition in *Farmers Reservoir & Irrigation Co. v. McComb,* 337 U.S. 755, 69 S.Ct. 1274, 93 L.Ed. 1672:

"First, there is the primary meaning. Agriculture includes farming in all its branches. Certain specific practices such as cultivation and tillage of the soil, dairying, etc., are listed as being included in this primary meaning. Second, there is the broader meaning. Agriculture is defined to include things other than farming as so illustrated. It includes any practices,whether or not themselves farming practices, which are performed either by a farmer or on a farm, incidentally to or in conjunction with 'such' farming operations."

After reviewing *Farmers Reservoir & Irrigation Co. v. McComb,* the administrative law judge in the case before us concluded:

". . . Thus processing, on a farm, of commodities produced by other farmers is incidental to or in conjunction with the farming operation of the other farmers and not incidental to or in conjunction with the farming operation of the farmer on whose premises the processing is done. Such processing is, therefore, not within the definition of agriculture. *Bowie v. Gonzales* [sic], 1 Cir., 1941, 117 F.2d 11."

The difficulty with concluding that Mr. McCoy was an "employee" within the meaning of section 2(3) of the Act, is that there was no substantial evidence in this record that "foreign" milk represented more than a de minimus portion of the company's operations. The following colloquy is indicative:

"Q. [By Mr. Gonzales, counsel for the NLRB] So, to the best of your knowledge, you could be receiving a daily shipment, is that correct?

"A. [Mr. Hinkhouse] No, it isn't because I know we don't receive any on Sunday or Saturday. Well, we do once in awhile on Saturday.

"Q. But you would probably receive them on Monday through Friday?

"A. Yes, but we don't. We could, but we don't."

The administrative law judge held that because Mr. McCoy's duties in the respondent's operations included the processing of milk other than that from respondent's farm, he could not qualify as an exempt agricultural laborer.

The Board asserts that when a dairy farm processes milk in any quantity from other farmers into marketable products, this becomes a separate commercial operation, and the employees who perform and maintain this operation cannot be considered agricultural laborers within the meaning of section 3(f) of the FLSA. It cites *NLRB v. Tepper,* 297 F.2d 280 (10th Cir.), for the proposition that dairying commonly entails two distinct businesses, that of the farmer, and that of the processor. The farmer there produced nearly 300 gallons of milk a day. He also received an additional 3,000 gallons from other farms

for processing and distribution. We held that because the operation relied chiefly upon its function as a processor rather than a dairyman, the nature of the employees' duties were such as to give jurisdiction to the Board under the Act. Thus the Board would have this court apply *Tepper,* and conclude that Mr. McCoy is an employee within the meaning of section 2(3) of the Act because Karl's Farm Dairy processes some "foreign" milk. Congress, however, intended to exempt a farmer employing persons whose duties included farming activities as incident to or in conjunction with such farming operations. The *Tepper* case is not applicable because there it was clear the respondent ran a large processing operation, and received very substantial amounts of milk from other farms. Here there is simply no evidence in the record that the activity was comparable to *Tepper.*

The Court in *Bayside Enterprises, Inc. v. NLRB,* 429 U.S. 298, 97 S.Ct. 576, 50 L.Ed.2d 494, affirmed the Board's holding and concluded that truck drivers of an employer with a hybrid operation, that is, some agricultural and nonagricultural activities, are not agricultural laborers. Also in *Maneja v. Waialua Agricultural Co.,* 349 U.S. 254, 75 S.Ct. 719, 99 L.Ed. 1040 the Court held that sugar processing workers were not within the agricultural exemption of the Act. That case however is of limited application because there a large corporation engaged in growing, harvesting, and processing sugar cane at its plantation. The Court in *Bayside Enterprises, Inc.* held truck drivers were not agricultural laborers, and set a standard for this court to follow. Thus it is clear that running a bottle plant, filling route drivers' orders, filling in for missing drivers, or working in the milk plant are not primary farming activities. These duties may, however, be secondary farming if performed "by a farmer or on a farm as an incident to or in conjunction with such farming operations." *Farmers Reservoir & Irrigation Co. v. McComb,* 337 U.S. 755, n. 7 at 762–3, 69 S.Ct. 1274, 1278, 93 L.Ed. 1672. We conclude that the nature of Mr. McCoy's duties came within the broader meaning of agriculture. Before

the milk and milk products can be sold, the milk must be properly handled. This requires that it be cooled, pasteurized, and placed in containers. This work and related work was done by Mr. McCoy. His work is certainly a part of the dairying process. So is also the delivery of the milk. Preparing the milk and maintaining the various machines is essential to the dairying operation, and those who are employed on a farm in such work are excluded from the Act. The fact that Mr. McCoy incidentally worked on commodities in an undisclosed quantity produced by other farmers does not change the nature of employment. Thus Mr. McCoy is exempt from the provisions of the Act.

Enforcement is denied.